THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD DANIELS, Also Known as THOMAS BENJAMIN, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Queens County, rendered July 11, 1974, upon resentence, convicting him of attempted murder, upon a jury verdict, and imposing sentence and (2) an order of the same court, of like date, which denied, without a hearing, his motion to set aside the verdict and for a new trial on the ground of newly discovered evidence. Order reversed, on the law and as a matter of discretion in the interest of justice; motion remanded to Criminal Term for a plenary hearing and a new determination thereon; and the appeal from the judgment is held in abeyance in the interim. Defendant's conviction of attempted murder arose out of the shooting of one George Cooper in front of a dance hall in Queens County in the early morning hours of December 16, 1973. Cooper testified that when he was in the dance hall, he had a slight argument with a friend named "Elliot". Cooper was shot while speaking to his friend Ezra Joseph, after he left the hall. Cooper could not identify his assailant, but Joseph, Cooper's acquaintance, testified that he saw defendant, whom he recognized from the neighborhood, commit the crime. Joseph also testified that "the way he [defendant] keeps his hair all the time, that makes him noticeable", but admitted that other people in the neighborhood wore their hair in the same manner. Defendant testified that he was present at the scene in the early morning hours of December 16, 1973, and had interceded to prevent a fight between a fellow Jamaican and a black, both of whom he knew (defendant testified that there had been much tension between blacks and Jamaicans in the neighborhood). He then left the scene and went to his nearby home. When he arrived there at about 1:00 A.M., he heard gunshots. He testified that he did not know Cooper or Joseph. Another defense witness, James Walker, testified that defendant had interceded in the fight several hours before, at 10:30 P.M., and had left the scene at 11:30 P.M. The shooting, which the witness did not see, since he was in the dance hall at the time, occurred at 1:00 A.M. Defendant was originally sentenced upon his conviction of attempted murder on April 10, 1974. Due to an infirmity in that sentence, he was resentenced on July 11, 1974. Approximately a week prior thereto, his newly retained counsel moved to set aside the verdict and for a new trial on the ground of newly discovered evidence, pursuant to CPL 330.30 (subd 3) and 330.40. In support of the motion, counsel annexed a sworn statement of one Elliot McKenzie, dated June 10, 1974. McKenzie deposed that he and Cooper were outside the dance hall in the early morning hours of December 16, 1973. Cooper was drunk and made some threats to a man who had brushed up against him. In response, the man shot Cooper. McKenzie deposed that he knew defendant and that defendant did not fire the shot, and was not even at the scene at the time of the shooting. In his own affidavit, defense counsel deposed that McKenzie advised him that he didn't know that defendant had been charged with the crime and brought to trial until after the imposition of the original sentence

and that McKenzie had been out of town during the trial. Counsel further deposed that he had been advised by his client, and trial counsel, that neither of them knew of the existence of McKenzie before or during the trial. He asserted that McKenzie's affidavit constituted newly discovered evidence which (1) could not have been discovered at the trial even with due diligence and (2) created a probability that, had such evidence been received at trial, the verdict would have been more favorable to defendant (CPL 330.30, subd 3). No papers in opposition to the motion were submitted by the People. Nevertheless, on the day of resentencing, July 11, 1974, the trial court denied the motion from the bench without a hearing, despite counsel's oral statement in support of the motion—again unanswered by the People—and his offer to produce McKenzie the following morning. In our view, the trial court erred in denying, without a hearing, defendant's motion for a new trial. In light of the significance of the issue involved, the question whether the affidavit of McKenzie was truthful should have been determined at a hearing, where credibility could have been assessed on a more substantial basis than on a written statement, and where a more complete record, with testimony, would allow both the trial court and this court to more effectively weigh the impact such testimony might have had on the verdict. Only then could it be determined whether the evidence "could not have been produced by the defendant at the trial even with due diligence on his part and * * * is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30, subd 3). Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.