INZER, Presiding Justice,
for the Court:
Appellant Carlton Rustin was indicted, tried and convicted in the Circuit Court of DeSoto County for the crime of armed robbery. He was sentenced to serve a term of twenty-five years in the State Penitentiary. From this conviction and sentence he appeals. We reverse and remand.
After appellant was indicted, his trial was set for Tuesday, June 17,1975. On this day counsel for Rustin asked for a pre-trial conference with the judge and prosecuting attorneys which was granted. Counsel for Rustin informed the court that he had information that the crime for which the defendant had been indicted had actually been committed by one Robert Newsome, who was incarcerated in the Shelby County, Tennessee, jail. Counsel informed the court that he had heard rumors to this effect, and he had actually gone to the Shelby County Jail on several occasions and talked with this individual. The individual had indicated that he not only had information that would help the defendant but that he would be willing to testify to that effect. He also indicated that he was the person who actually committed the robbery for which defendant was charged.
Upon being informed of these facts the court, at the suggestion of the district attorney, delayed the trial for two days. The district attorney, his investigator, two state witnesses who had identified the defendant and counsel for the defendant went to the Shelby County Jail. Robert Newsome was brought to the room where these parties were waiting. At that time Newsome refused to make any statement and the witnesses, who identified the defendant as the robber, said that Newsome was not the man who robbed the service station.
On the following day appellant was tried and convicted. He was identified by Quinton Easterlin as the man who had entered the Billups Service Station at Fairhaven on November 2,1974, at about 6 a. m. and had robbed him of about $1,450. Wallace Nixon identified the appellant as being the man who had earlier the same day robbed him and taken his car. This witness placed the appellant near the service station, but did not see the robbery.
Appellant’s defense was an alibi. He testified in his own behalf and another witness testified in support of his alibi. Appellant denied that he was the man who robbed the service station or Wallace Nixon.
After appellant was convicted, his counsel returned to the Shelby County Jail and informed Newsome that appellant had been convicted; whereupon Newsome said that he was the man who had actually committed the crime and proceeded to describe the incidents relative to the robbery. Counsel for appellant then filed a motion to vacate the judgment and for a new trial setting up these facts. After the motion was filed, the state agreed that counsel for the defendant and the district attorney would take the deposition of Robert Newsome. They went *1008 to the Shelby County Jail and took the deposition. It was agreed and stipulated that the deposition would be admissible in evidence in connection with the motion for a new trial. In this deposition Newsome confessed that he had committed the robbery and described the details thereof. On cross examination Newsome stated he was using drugs at the time of the robbery, he had been in mental institutions in three states, and he was being held for trial in Tennessee in connection with an armed robbery charge. Newsome said he was making the statement and would testify for the reason that he knew that Rustin was innocent and he did not want Rustin as an innocent man punished.
A hearing was had upon the motion for a new trial and the court, after reading the deposition, was of the opinion that the evidence given by Newsome in the deposition was not newly discovered evidence and overruled the motion for a new trial. The court was also of the opinion that with the information counsel for defendant had before trial, he should have made a motion for a continuance at that time and did not do so. While it is true that counsel had information prior to trial that Newsome was the man who committed the crime, he had no evidence to this effect until Newsome actually agreed to testify and did testify that he was the man who committed the crime for which the defendant was convicted. He did all he could to procure evidence to this effect prior to trial. Consequently, the deposition of Newsome actually amounted to newly discovered evidence. Insofar as a motion for a continuance is concerned, after the district attorney and counsel for the defendant went to the Shelby County Jail prior to trial and Newsome refused to give any statement, the defendant had no grounds to support a motion for continuance.
After a review of the deposition of Robert Newsome and the facts and circumstances of this case, we are of the opinion that the trial court should have sustained the motion for a new trial.
For the reasons stated, this case is reversed and remanded for another trial.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON, P. J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.