Rubin E. JONES, Appellant,

v.

David SCURR, Warden, Iowa State Men's Penitentiary, Fort Madison, Iowa; Iowa Division of Adult Corrections, Department of Social Services, the State of Iowa, Appellee.

No. 65593.

Supreme Court of Iowa.

March 17, 1982.

Patrick R. Grady, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin and Steven M. Foritano, Asst. Attys. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK, and McGIVERIN, JJ.

McGIVERIN, Justice.

Applicant Rubin E. Jones appeals from the district court's dismissal of his application for postconviction relief under chapter 663A, The Code. He raises four issues based on the 1976 trial resulting in his conviction of first-degree murder in violation of sections 690.1 and .2, The Code 1975. He contends that: 1) the postconviction court erred in denying a new trial on the basis of newly discovered evidence; 2) the postconviction court erred in finding that collateral estoppel did not prevent him from being convicted of first-degree murder as an aider and abetter when the principal was only convicted of second-degree murder; 3) there was insufficient evidence for a rational jury to find his guilt beyond a reasonable doubt; and 4) a claim of ineffective assistance of counsel can properly be raised in a future postconviction proceeding. We find no merit in applicant's first three assignments of error, agree with the fourth, and, therefore, affirm the dismissal of the present application for postconviction relief without prejudice to his filing a second application to raise the ineffective assistance of counsel issue.

Jones was found guilty of first-degree murder and was sentenced in 1976. The facts surrounding the offense are stated in our opinion affirming the conviction on direct appeal. *State v. Jones,* 271 N.W.2d 761 (Iowa 1978) (*Jones I*). The victim was cornered, shot and killed after he ran from a friend's house into an alley. Jones' application for postconviction relief was filed on November 21, 1979. After its denial, he again appealed.

I. *New trial on the basis of new discovered evidence.* At the hearing on the application for postconviction relief, Jones presented two items of potentially exculpatory evidence. The first was the testimony of a codefendant, Johnney White, Jr., that

he shot and killed Jimmy Wayne Wright even though Jones had tried to talk him out of it. This testimony was not presented at Jones' trial. It also was not presented in support of his motion for a new trial because White exercised his fifth-amendment privilege against self-incrimination. The second item of potentially exculpatory evidence was a deposition of a second codefendant, Archie Daniels. Daniels stated that he had chased the victim and struck him with his cane, and that Jones had done neither of these things. The Daniels evidence was not presented at Jones' trial or at the hearing on the motion for new trial because Daniels was then a fugitive. Jones claimed the White and Daniels evidence was newly discovered and that a new trial, therefore, should be granted. The postconviction court found the evidence was not newly discovered, and even if it was, the evidence would not likely change the result if admitted. Accordingly, relief was denied the applicant as to this contention. We find no error.

Section 663A.2, The Code, establishes the situations where postconviction relief procedure is available. It provides, in pertinent part: "Any person who has been convicted of, or sentenced for, a public offense and who claims that: * * * (4) There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice [is entitled to seek relief]. . . ." We have interpreted this subsection to require the postconviction relief applicant to establish four elements before a new trial will be granted pursuant to section 663A.2(4). The applicant must show: 1) the evidence was discovered after judgment. He may not rely on evidence discovered after trial but before judgment unless he establishes an excuse for not having raised the issue in a motion for new trial; 2) the evidence could not have been discovered earlier in the exercise of due diligence; 3) it is material to the issue, not merely cumulative or impeaching; and 4) it would probably change the result if a new trial is grant-

ed. *Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 32–33 (Iowa 1979); *State v. Sims*, 239 N.W.2d 550, 554–55 (Iowa 1976).

"[O]ne seeking post-conviction relief is required to establish the facts asserted by a preponderance of the evidence." *Stanford*, 279 N.W.2d at 31. We agree with the postconviction court that Jones has failed to establish the first element, that the evidence was newly discovered, and the fourth element, that it would probably change the result if a new trial was granted.

A. *Newly discovered evidence.* Jones makes two claims: 1) that testimony of a codefendant who has previously invoked his privilege against self-incrimination and refused to testify at a defendant's trial, is newly discovered evidence when the codefendant finally agrees to testify; and 2) that the testimony of an unavailable fugitive codefendant is also newly discovered evidence when the fugitive is finally apprehended and is ready to come forward with potentially exculpatory evidence. The first claim applies to White, the second to Daniels. Both claims present an issue of first impression for this court.

1. *Testimony of White.* Jones was found guilty of first-degree murder by a jury on November 17, 1976. His codefendant, Johnney White, Jr., was tried in a separate trial that resulted in a conviction of second-degree murder. Jones did not call White as a witness in his trial. He did, however, call him as a witness at the hearing on his motion for new trial on December 17, 1976. Because the period for White to appeal his conviction had not expired, he asserted the privilege against self-incrimination. Jones' motion for new trial was denied. On May 11, 1977, White wrote a letter to Jones' counsel expressing a willingness to testify concerning Jones' participation in the slaying of Jimmy Wright. The essence of the proffered testimony was that White shot Wright and that Jones had attempted to dissuade him from doing so. On March 27, 1980, White related this testimony to the court in a hearing on Jones'

application for postconviction relief. The court found the evidence was not newly discovered.

2. *Testimony of Daniels.* Codefendant Archie Daniels was not called to testify at Jones' trial or at the hearing on his motion for a new trial. He was a fugitive from justice for about eighteen months after the homicide. Subsequently, he was apprehended by the Federal Bureau of Investigation, pled guilty to manslaughter in the slaying of Wright, and was incarcerated in Kansas on another offense. Jones' attorney took the deposition of Daniels which was introduced at the hearing on Jones' application for postconviction relief. The deposition essentially stated that Jones had not struck or chased the victim before his death. The postconviction court found this evidence was not newly discovered.

At his trial, Jones had testified that he had not chased or struck the victim and that he had attempted to dissuade the codefendants, his half-brothers, from harming the victim. There was other trial evidence to the contrary.

Jones presents the issue of whether evidence that is unavailable at trial, in this case due to the exercise by one codefendant of his fifth-amendment privilege against self-incrimination and due to the fugitive status of the other codefendant, is newly discovered when it becomes available after judgment. Other jurisdictions are in disagreement on the resolution of this issue as presented in similar or related factual contexts.

Some jurisdictions find such evidence is newly discovered. For example, in *Whitmore v. State*, 570 S.W.2d 889, 895 (Tex. Crim.App.1977), a codefendant made exculpatory statements concerning defendant's guilt at his own murder trial. He had refused to testify at defendant's prior trial on self-incrimination grounds. *Id.* The court said, "[we have] long recognized that newly available evidence is the same as newly discovered evidence.... It is well settled that if, after defendant is tried and

convicted, his codefendant is tried and acquitted, the testimony of the latter is held to be newly discovered." *Id.* at 896. *Accord, United States v. Guillette*, 404 F.Supp. 1360, 1372–74 (D.Conn.1975) (exculpatory testimony of codefendant who originally refused to testify at defendant's trial found to be newly discovered evidence); *People v. Hairgrove*, 18 Cal.App.3d 606, 609–11, 96 Cal.Rptr. 142, 144–46 (1971) (error for trial court to rule on motion for new trial on basis of newly discovered evidence without examining, under oath, witness who, after defendant's trial, signed an affidavit confessing to acts for which defendant convicted); *People v. Hughes*, 11 Ill.App.3d 224, 229–30, 296 N.E.2d 643, 646–47 (1973) (exculpatory testimony of accomplice found to be newly discovered evidence where prosecution led defendant to believe accomplice was a fugitive, although prosecution witness knew of accomplice's location); *State v. Williams*, 258 La. 251, 257–58, 246 So.2d 4, 6 (1971) (defendant entitled to new trial on basis of "new evidence," an exculpatory statement of witness who exercised fifth-amendment privilege at trial); *Rustin v. State*, 338 So.2d 1006, 1008 (Miss.1976) (exculpatory statement by defendant's pre-trial cell-mate who refused to make statement at defendant's trial found to be newly discovered evidence); *People v. Daniels*, 48 A.D.2d 905, 906, 369 N.Y.S.2d 771, 773 (1975), *judgment vacated and new trial granted*, 50 A.D.2d 934, 378 N.Y.S.2d 642 (1975) (trial court erred in denial of motion for new trial on basis of newly discovered evidence without examining witness who had not testified at trial but who had subsequently signed a sworn affidavit exculpating defendant); *Commonwealth v. Brown*, 431 A.2d 343, 344 (Pa.Super.Ct.1981) ("when a co-defendant invokes his fifth amendment privilege at trial, his [subsequent exculpatory] testimony meets the requirement that after-discovered evidence must have been unavailable at trial." *But cf. Commonwealth v. Herriott*, 265 Pa.Super.Ct. 143, 154, 401 A.2d 841, 847 (1979) (where defendant neither informed trial court of difficul-

ty of locating witness nor requested a continuance to compel the witness' attendance "[t]he fact that [the witness' allegedly exculpatory evidence] was difficult to obtain for trial does not satisfy the requirement that evidence be 'discovered' for the first time after trial.")); *State v. Gerdes*, 258 N.W.2d 839, 841–43 (S.D.1977) (error for trial court to rule on motion for a new trial without examining defendant's brother who made a post-trial confession, but had invoked the privilege against self-incrimination at trial because "although not newly discovered evidence in the usual sense of the term, its *availability* is newly discovered . . . ." (emphasis in original). *But cf. State v. Lufkins*, 309 N.W.2d 331, 336 (S.D.1981) (alibi witness who was known to defendant but was unavailable at time of trial, although no attempt at compulsory process was apparently made, found not to be newly discovered evidence)); *Taylor v. State*, 180 Tenn. 62, 67, 171 S.W.2d 403, 405 (1943) (newly available exculpatory evidence from two witnesses, one in hospital and one in Michigan at time of trial, found to warrant same treatment as newly discovered evidence).

Other jurisdictions, however, do not find that unavailable evidence becomes newly discovered evidence upon becoming available. For example, in *United States v. Diggs*, 649 F.2d 731, 740 (9th Cir. 1981), the United States Court of Appeals for the Ninth Circuit found that: "When a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not 'newly discovered.' " *Accord, United States v. Metz*, 652 F.2d 478, 480 (5th Cir. 1981) (rejects argument that newly available evidence is synonymous with newly discovered evidence; exculpatory statement of codefendant who exercised fifth amendment right not found to be newly discovered evidence. *But cf. Newsom v. United States*, 311 F.2d 74, 78–79 (5th Cir. 1962) (exculpatory statement of codefendant who refused to testify at trial serves as basis for new trial)); *United States v. Frye*, 548 F.2d

765, 769 n.6 (8th Cir. 1977) (failure of defense counsel to request subpoena or continuance to enable defense to locate absent witness with exculpatory evidence creates doubt on issue of whether defense counsel exercised sufficient diligence); *United States v. Jacobs*, 475 F.2d 270, 286 (2nd Cir. 1973), *cert. denied*, 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973) (no abuse of discretion to deny new trial on grounds of newly discovered evidence, an expert exhibit allegedly unavailable at trial because of time constraints, where defense failed to request continuance); *Rodriguez v. United States*, 373 F.2d 17, 18 (5th Cir. 1967) (denial of new trial affirmed where: "Appellant's motion . . . is not founded upon the arguably valid contention that the informant was unavailable to be called as a defense witness at the date of trial; indeed, it rather reveals that appellant's counsel chose not to call the informant because when interviewed prior to trial he had indicated that he would refuse to testify on the ground of self-incrimination. Such self-acknowledged tactical decision not to call the informant, when he was in fact accessible as a defense witness, effectively forecloses any subsequent attempt on the part of appellant to urge successfully that such testimony represents newly discovered evidence . . . ."); *United States v. Bujese*, 371 F.2d 120, 125 (3rd Cir. 1967) (no error to deny new trial on basis of post-trial confession by defendant's brother); *McAteer v. United States*, 148 F.2d 992, 993 (5th Cir. 1945) (no abuse of discretion to deny new trial based on exculpatory evidence of convicted codefendant who refused to testify at defendant's trial: the evidence was not newly discovered, but was known or should have been by the diligence of defendant); *Coplin v. United States*, 88 F.2d 652, 665 (9th Cir.), *cert. denied*, 301 U.S. 703, 57 S.Ct. 929, 81 L.Ed. 1357 (1937) (defendant cannot use evidence of witnesses who refused to testify at his trial, but were known to him, as newly discovered evidence to upset the verdict of the jury); *United States v. Buss*, 461 F.Supp. 1016, 1020 (W.D.Pa.1978), *aff'd*, 601

F.2d 576 (3rd Cir. 1979); *United States v. Matthews*, 424 F.Supp. 339, 341 (E.D.Pa. 1976); *People v. Gutierrez*, 622 P.2d 547, 560 & n.12 (Colo.1981); *People v. Fletcher*, 193 Colo. 314, 319, 566 P.2d 345, 349 (1977); *Walden v. State*, 284 So.2d 440, 441 (Fla. App.1973); · *Schuster v. State*, 406 N.E.2d 288, 290 (Ind.Ct.App.1980); *State v. Valdez*, 95 N.M. 70, 72–73, 618 P.2d 1234, 1236–37 (1980).

We find that the latter line of authority, holding that exculpatory evidence that was unavailable, but known, at the time of trial is not newly discovered evidence, represents the better resolution of this issue. The requirement that evidence be newly discovered is intended to bring finality to litigation. *People v. Hughes*, 11 Ill.App.3d 224, 228, 296 N.E.2d 643, 647 (1975); *State v. Gerdes*, 258 N.W.2d 839, 843 (S.D.1977). Motions for new trials on the basis of newly discovered evidence are looked upon with disfavor because they do upset an end to litigation. *State v. O'Clair*, 292 A.2d 186, 197 (Me.1972).

"[I]t is not unusual for one of two convicted accomplices to assume the entire fault and thus exculpate his co-defendant by the filing of a recanting affidavit." *United States v. Metz*, 652 F.2d 478, 480 (5th Cir. 1981). In a case such as the present one, the already convicted codefendants have nothing to lose by making statements that exculpate defendant. *Metz, id.* at 481; *Schuster v. State*, 406 N.E.2d 288, 290 (Ind.Ct.App.1980). We find that such statements should not automatically be allowed to interfere with the finality of the underlying trial. Otherwise, the underlying trial would always be tentative unless all codefendants and alleged accomplices testified fully at that trial. The evidence here, although unavailable, was known to defendant, and cannot be considered newly discovered.[1]

---

1. Defendant did not exercise due diligence in attempting to secure Daniel's testimony. He neither subpoenaed him nor requested a continuance to secure his presence. See *United States v. Frye*, 548 F.2d 765, 769 n.6 (8th Cir.

**B.** *Probability of changed result.* Even if the exculpatory statements of White and Daniels were found to be newly discovered, a new trial would not probably change the result in this case. The court's finding in this regard is supported by substantial evidence and we do not disturb its judgment. *Stanford*, 279 N.W.2d at 31.

Two primary defects would prevent White and Daniel's testimony from probably changing the result in defendant's trial. First, a review of the record shows their testimony has many inconsistencies with defendant's version of the homicide. Second, the testimony of convicted codefendants is entitled to lessened credibility, due to the fact that the witnesses have nothing to lose now by shouldering the blame for the crime. *Carman v. State*, 604 P.2d 1076, 1080 (Alaska 1979); *Schuster v. State*, 406 N.E.2d 288, 290 (Ind.Ct.App.1980). Thus, we find no basis to upset the postconviction court's finding that it is not probable that such evidence would change the result for Jones.

The first assignment of error is without merit.

**II.** *Collateral estoppel.* Jones contends the court erred in finding that his conviction of first-degree murder was not collaterally estopped by White's conviction of second-degree murder. Because this issue was resolved unfavorably to him in *Jones I*, 271 N.W.2d at 764–65, the contention is without merit now.

Section 663A.8, The Code, provides:

All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental, or amended application. Any ground finally adjudicated ... in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken

---

1977). It is also questionable whether White was unavailable at trial because defendant did not call him to testify. See *Rodriguez v. United States*, 373 F.2d 17, 18 (5th Cir. 1967).

to secure relief, may not be the basis for a subsequent application . . . .

This section means: "A person is barred from relitigating in a postconviction proceeding any ground which was finally adjudicated on direct appeal." *Armento v. Baughman*, 290 N.W.2d 11, 12 (Iowa 1980); *Snyder v. State*, 262 N.W.2d 574, 578 (Iowa 1978). In *Jones I*, we found defendant's conviction was not prohibited under the doctrine of collateral estoppel.[2] He may not relitigate that issue here.

■■ III. *Sufficiency of the evidence.* Jones argues that, "even without the testimony of White and Daniels," there was not sufficient evidence for a rational jury to find him guilty of first-degree murder beyond a reasonable doubt. Because we have already held there was sufficient evidence to support his conviction in *Jones I*, 271 N.W.2d at 763–64, that prior adjudication bars relitigation of this issue here.[3]

IV. *Availability of second postconviction proceeding.* Jones argues, and the court found, that a second application for postconviction relief is the proper vehicle to raise a claim of ineffective assistance of counsel. We agree under the facts in this case.

■ Jones was represented at trial, on direct appeal, and in district court in this postconviction proceeding, by the same attorney. Defense counsel, understandably, did not raise an ineffective assistance of counsel claim against himself. Jones raised the issue in a *pro se* motion for new trial filed after the court denied his application for postconviction relief. We find that due to the fact that the same attorney represented Jones through all prior stages of this case, although not in this postconviction appeal, there was "sufficient reason" for the failure to previously raise the issue of ineffective assistance of counsel. § 663A.8. Jones is entitled to raise this issue in a new application for postconviction relief. *Sims v. State*, 295 N.W.2d 420, 422–23 (Iowa 1980).

We have considered all of Jones' contentions and, except as otherwise noted, find them to be without merit. The court's dismissal of his application for postconviction relief is affirmed without prejudice to his filing a second application as discussed in division IV.

AFFIRMED.

---

2. In *Jones I*, we replied to Jones' contention that identity of parties was not necessarily a requirement of collateral estoppel in his case: "[W]hen a defendant is charged with aiding and abetting a judgment in a separate trial acquitting the actual perpetrator is neither res judicata nor a bar to the prosecution of defendant. A judgment against one, whether of conviction or acquittal, has no bearing on the other." 271 N.W.2d at 764; *State v. Cunha*, 193 N.W.2d 106, 109 (Iowa 1971). This principle is now embodied in statute. § 703.1, The Code 1981.

In *Jones I* we said: "We need not decide today whether to relax this rule where the relevant conduct of two separately tried defendants is identical. Defendant makes no showing of factual similarity." 271 N.W.2d at 764. We find that Jones still has not made a showing of factual similarity with regard to his postconviction relief application.

3. After *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), we modified the standard we use to resolve sufficiency of evidence claims. In *Jones I*, we used the old standard: "[W]e view

the evidence in the light most favorable to the State, without regard to contradiction or inconsistencies and assisted by all reasonable inferences." 271 N.W.2d at 763. The new standard is: "Iowa courts view the evidence in the light most favorable to the prosecution [and] they must consider *all* the evidence when determining the sufficiency of the evidence to support a guilty verdict." *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980) (emphasis in original). The new standard "applies only to trials of criminal prosecutions beginning on or after the day the present opinion is filed, and to cases tried before the filing of this opinion [February 20, 1980], in which the question was preserved and which are now on appeal or are timely appealed after the filing of this opinion." *Id.* The question was conclusively resolved against Jones well before this crucial date. See *Jones I*, 271 N.W.2d at 761.

However, even if we were to apply the new standard to this case, we find that all the evidence substantially supports the guilty verdict reached by the jury. A rational juror could find guilt beyond a reasonable doubt under this record.