# IN THE COURT OF APPEALS OF IOWA

No. 13-1665
Filed March 25, 2015

**MARIO A. McCULLUM,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

Mario McCullum appeals the postconviction court's denial of his application for postconviction relief. **AFFIRMED.**

Bradley T. Boffeli and Brian D.W. Spannagel of Boffeli & Spannagel, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Ralph Potter, County Attorney, and Brigit M. Barnes, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Mario McCullum appeals the postconviction court's denial of his application for postconviction relief. He asserts the court erred in concluding trial counsel was not ineffective for failing to call a DNA-expert witness and for not calling codefendant Antione Grant at the hearing on McCullum's motion for new trial. He also argues the court improperly found Grant's testimony did not constitute newly discovered evidence. We conclude trial counsel did not breach an essential duty by failing to call his own DNA-expert witness at trial, as counsel made a strategic decision regarding how the State's expert could be effectively cross-examined. Nor was counsel ineffective for not calling Grant as a witness at the motion-for-new-trial hearing, given Grant's testimony did not constitute newly discovered evidence and, furthermore, the postconviction court found his testimony not to be credible. Consequently, we affirm the court's denial of McCullum's application for postconviction relief.

Jim Quayle is the owner of a convenience store. On January 3, 2008, he was working in the store with Stacy McGee. At approximately 10:30 that morning, two men entered the store wearing dark bulky clothing and armed with guns. One of the men pointed a gun at Quayle's face and told him they were robbing the store. The second man pointed a gun at McGee and ordered everyone to drop to the floor, while the men rummaged through the store. They obtained the contents of the cash register and coins that were in the safe, then left the store.

Quayle used his cell phone to call the police and looked outside to try to track the men. He did not see the individuals but witnessed a van leaving the

parking lot that he believed the men were in. Police arrived shortly after the van left and interviewed Quayle and McGee. Meanwhile, the three men were apprehended. The officers then requested Quayle and McGee accompany them to try to identify some clothing as items possibly belonging to the men. Quayle thought some pieces could have been worn by the men, but he was not positive. McGee recognized a bulky coat and a pair of jeans.

McCullum was charged with robbery in the first degree, along with the other two members of the group, Antione Grant and the defendant's brother, Anthony McCullum. A jury trial was held on August 4, 2008, and McCullum was found guilty. McCullum filed a motion for new trial following the guilty verdict, which the district court denied.[1]

At trial, the State called Anthony who, as part of his plea agreement in connection with the robbery, agreed to testify.[2] He stated that on January 3, 2008, he was with Grant and his brother, McCullum. The three of them had just driven to Dubuque from Chicago and drove by the store, after which the group participated in the robbery. He further testified that Grant and McCullum entered the store, and when they exited the store about five minutes later, McCullum slid into the driver's seat, and the group drove away.

Erica Ng, the State's DNA expert, also testified. She performed her DNA analysis from items retrieved from the vehicle, including a pistol, two black stocking caps, and two black face masks. She also analyzed buccal swab samples taken from each of the three suspects. The tests identified Anthony and

---

[1] Our court affirmed McCullum's conviction on direct appeal. *See State v. McCullum*, No. 08-1843, 2009 WL 3775251 at *1 (Iowa Ct. App. Nov. 12, 2009).
[2] Anthony pled guilty to theft in the first degree and assault while participating in a felony.

McCullum as potential contributors; however, the major contributor from the sample taken from one of the stocking caps was Grant. The second stocking cap had a mixture of DNA that was consistent with Grant, Anthony, and McCullum's DNA. The results of testing on the face masks also identified the three men as potential contributors.

McCullum filed a pro se application for postconviction relief on November 10, 2010, which was amended by postconviction counsel on February 6, 2013. A hearing on the application was held on August 28, 2013, at which McCullum introduced the testimony of Anthony, who retracted his trial testimony, as well as Grant, who testified about the events the day of the robbery. The postconviction court issued an order denying the application after determining neither Anthony nor Grant's testimony constituted newly discovered evidence, as well as finding neither individual credible. In addition, the postconviction court determined counsel was not ineffective; specifically, the court concluded a DNA expert for the defense would not have affected the outcome of trial. McCullum appeals.

We review the district court's denial of an application for postconviction relief for correction of errors at law. *Harpster v. State*, 569 N.W.2d 594, 596 (Iowa 1997). To the extent we are addressing constitutional claims, our review is de novo. *Id.* To succeed on an ineffective-assistance claim, McCullum must show by a preponderance of the evidence, first, that counsel breached an essential duty and, second, that he was prejudiced by counsel's failure. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

McCullum first claims trial counsel was ineffective for failing to call an expert witness to testify regarding the DNA evidence. However, at the

postconviction hearing, trial counsel testified he decided not to call an expert witness because he believed he could effectively cross-examine the State's witness and did not want to otherwise draw undue attention to the DNA evidence. Moreover, the DNA expert who testified at the postconviction hearing opined that the cross-examination of the State's witness at trial was effective. We will not find ineffective assistance where counsel made a strategic decision to not call a witness. *See Schrier v. State*, 347 N.W.2d 657, 663 (Iowa 1984). Given this record, McCullum's trial counsel did not breach an essential duty by not hiring a defense expert, and the postconviction court properly denied McCullum's claim.

McCullum next asserts trial counsel was ineffective for failing to call Grant as a witness at the hearing on McCullum's October 13, 2008 motion for new trial. He further argues the postconviction court erred in concluding this testimony was not newly discovered evidence.[3] For this argument he relies on Grant's letter, stamped as being received on September 17, 2008—before Grant pled guilty—indicating he would testify as to McCullum's noninvolvement.[4]

For evidence to be considered newly discovered—and to grant a new trial on this basis—the defendant must show: "(1) the evidence was discovered after judgment; (2) the evidence could not have been discovered earlier in the exercise of due diligence; (3) it is material to the issue, not merely cumulative or impeaching; and (4) it would probably change the result if a new trial is granted."

---

[3] Though at the postconviction-court level McCullum argued Anthony's testimony constituted newly discovered evidence—in addition to Grant's—he does not raise this issue on appeal. He also makes no claim trial counsel was ineffective for failing to call Grant to testify at trial, as opposed to the motion for new trial. Therefore, the issue on appeal is limited to whether counsel was ineffective for failing to call Grant to testify at the motion-for-new-trial hearing, rather than at trial.

[4] Grant pled guilty to robbery in the second degree on September 23, 2008.

*Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003). Additionally, when a codefendant who did not testify at trial offers potentially exculpatory testimony following conviction, this constitutes "newly available evidence," rather than newly discovered evidence. *Jones v. Scurr*, 316 N.W.2d 905, 908 (Iowa 1982).

Based on this standard, the postconviction court properly concluded the statements of McCullum's codefendant did not qualify as newly discovered evidence, particularly given the fact that a codefendant's "recantation testimony . . . is looked upon with the utmost suspicion." *See Jones v. State*, 479 N.W.2d 265, 275 (Iowa 1991) (holding this different testimony did not constitute newly discovered evidence). We also agree with the postconviction court's conclusion when it noted:

> Here, [Grant's] testimony certainly could have been discovered, and thus is not new evidence. McCullum seems to claim that his attorney was ineffective in securing [Grant's] testimony at trial. However, [Grant's attorney] says he would not have permitted [Grant] to testify at McCullum's trial. Further, there is no conclusive proof as to how [Grant] would have testified at McCullum's trial. Neither party offered the transcript of the plea colloquy taken from [Grant] when he pled guilty to Robbery in the Second Degree.

Furthermore, as the postconviction court found, Grant's testimony—which was "not credible and not convincing"—would not have affected the outcome of the trial or, in this case, the outcome of the motion for new trial. *See Scurr*, 316 N.W.2d at 910 (concluding the codefendants' recantation of their testimony at trial did not constitute newly discovered evidence and would not have affected the outcome of the trial). Based on this conclusion, trial counsel was not ineffective for failing to subpoena Grant at the hearing on the motion for new trial.

*See State v. Reynolds*, 670 N.W.2d 405, 411 (Iowa 2003) (noting counsel is not ineffective for failing to argue a meritless issue).

For these reasons, the district court properly denied McCullum's application for postconviction relief, and we affirm.

**AFFIRMED.**