# IN THE COURT OF APPEALS OF IOWA

No. 16-0095
Filed May 17, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JIMMY LEE ALLEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


        Defendant appeals the district court's order denying his motion to correct an illegal sentence. **AFFIRMED.**


        Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

        Jimmy L. Allen, Anamosa, appellant pro se.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., Bower, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Jimmy Lee Allen appeals the district court's order denying his motion to correct an illegal sentence, and he raises an issue concerning restitution. We affirm the decision of the district court.

## I.      Factual and Procedural Background

Allen was convicted of first-degree murder and sentenced to life in prison without parole in 1982. Allen appealed his conviction, and the conviction was affirmed. In summarizing the factual background upon which the conviction was based, the Iowa Supreme Court stated:

> Welling's body was found lying in a pool of blood in the living room of his home on the morning of March 6, 1982 by his brother. The medical examiner who testified for the State at defendant's trial determined that the cause of death was loss of blood from multiple stab wounds in the neck, chest, abdomen, and back. The victim had also been severely beaten about the head and face.

*State v. Allen*, 348 N.W.2d 243, 245 (Iowa 1984).

It developed that Allen was one of the group that formed a plan to rob Welling, and in order to avoid identification, the group decided it was necessary that Welling be killed. *Id.* Allen was twenty-one years and ten months of age at the time of the murder. Allen contends a life sentence without parole is cruel and unusual punishment as a mandatory sentence for anyone who is under twenty-five years of age at the time of the offense and the mandatory sentence he received should be deemed unconstitutional under both the federal and state constitution as a violation of the prohibition against cruel and unusual punishment.

In a pro se brief, Allen also contends error was committed by the district court when it dismissed his application to show cause why $1214.40 of his inmate account allegedly charged for attorney fees should not be returned to him with interest.

## II.     Constitutional Issue

A.      Illegal sentences are unconstitutional sentences, and the ordinary rules requiring issue preservation are not applicable.  *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009).

B.      Scope of Review

Sentences alleged to be unconstitutional are reviewed de novo.  *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014).

C.      Discussion

Cruel and unusual punishments are prohibited by both the Federal and Iowa Constitutions, and Allen argues both are applicable to his claim.  The concept of prohibited cruel and unusual punishment has been broken down into two general categories: (1) as applied to the individual defendant and (2) categorical challenges.  *Graham v. Florida*, 560 U.S. 48, 59 (2010).  Allen is making a categorical challenge.  Allen was convicted of first-degree murder, which is classified as a class "A" felony.  *See* Iowa Code § 707.2(2) (1981).  As such, Allen was committed into the custody of the director of the Iowa Department of Correctional Services for the rest of his life without an opportunity for parole as required by statute.  *See id.* § 902.1(1).

Allen primarily relies on *Lyle*, 854 N.W.2d 378, and *State v. Sweet*, 879 N.W.2d 811 (Iowa 2016).  It is fair to interpret *Lyle* as requiring a sentencing

hearing to consider the offender's youth and the attendant circumstances when the offender is under eighteen years of age and a life sentence is required by statute. 854 N.W.2d at 404. In *Sweet*, a sentencing hearing was held by the trial court, but after the hearing, the trial court sentenced Sweet, who was less than eighteen years of age, to life in prison without parole. *Sweet*, 879 N.W.2d at 816. On appeal, the Iowa Supreme Court determined "that the enterprise of identifying which juvenile offenders are irretrievable at the time of trial is simply too speculative and likely impossible given what we now know about the time line of brain development and related prospects for self-regulation and rehabilitation." *Id.* at 836-37. Accordingly, the court adopted a categorical rule that juvenile offenders may not be sentenced to life without the possibility of parole under article 1, section 17 of the Iowa Constitution. *Id.* at 838. The court determined, "The parole board will be better able to discern whether the offender is irreparably corrupt after time has passed." *Id.* at 839. In *Sweet*, the sentence of the trial court was reversed and the matter was sent back for resentencing. *Id.*

Allen has seized on language in *Sweet* that points out the studies and opinions of holders of recognized expertise that substantial psychological maturation takes place in middle and late adolescent and even into early adulthood, and the features of youth do not magically disappear at age seventeen. *Id.* at 838. The *Sweet* court was building its case to show why sentencing should be subject to review by the parole board, presumably after Sweet's eighteenth birthday. Allen is using the same arguments and data to suggest that if the offender cannot be correctly sentenced for some time after he reaches eighteen years of age, then all sentences—including his own—should

be and should have been extended until a new arbitrary age is reached, which he proposes with some support from the applicable literature to be twenty-five.

The Iowa Supreme Court made it clear in *Lyle* the required sentencing hearing under a mandatory sentencing law has no application to adult offenders. 854 N.W.2d at 403.

> Our holding today has no application to sentencing laws affecting adult offenders. Lines are drawn by necessity and are incorporated in the jurisdiction we developed to usher the Iowa constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders.

*Id.* Our supreme court long ago stated, "If our previous rulings are to be overruled, we should ordinarily prefer to do it ourselves." *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957). This would seem to be particularly true when the issue in question has traditionally been considered a matter for the legislature to decide.

## III. Restitution Issue

### A. Preservation of Error

The State concedes error has been preserved.

### B. Standard of Review

A district court's order for restitution is reviewed for errors of law. *State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001).

### C. Discussion

Allen's underlying argument, to the extent it is discernable, appears to raise the same issues that were raised in the previous proceeding Allen pursued. *See State v. Allen*, No. 13-0318, 2015 WL161824, at *2-4 (Iowa Ct. App. Jan. 15, 2015). The Iowa Court of Appeals affirmed the orders of restitution at that time.

*Id.* at *4. A person is barred from relitigating a postconviction proceeding on any ground that has been previously litigated. *Jones v. Scurr*, 316 N.W.2d 905, 911 (Iowa 1982). To the extent that Allen is asserting this court erred in its prior ruling, he did not appeal, and the court's ruling constitutes the law of the case. *See Bahl v. City of Asbury*, 725 N.W.2d 317, 321 (Iowa 2006). The decision of the trial court is in all respects affirmed.

**AFFIRMED.**