# IN THE COURT OF APPEALS OF IOWA

No. 17-0224
Filed December 20, 2017

**CHARLES HENRY ARMSTRONG,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, Susan K. Christensen, Judge.

Charles Armstrong appeals the summary dismissal of his second postconviction relief application, claiming newly discovered evidence. **AFFIRMED.**

Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Charles Henry Armstrong guilty of second-degree murder in the beating death of another man. This court affirmed his judgment and sentence and procedendo issued in 2010. *State v. Armstrong*, No. 08-2065, 2009 WL 5125916, at *1 (Iowa Ct. App. Dec. 30, 2009). This court also affirmed the district court's denial of Armstrong's first postconviction relief application. *Armstrong v. State*, No. 13-1985, 2015 WL 4642164, at *4 (Iowa Ct. App. Aug. 5, 2015).

Armstrong filed a second postconviction relief application in 2016. He asserted newly discovered evidence "in the form of witness testimony from Hubert Garrett" required the court to vacate his conviction. The State moved for summary dismissal of the application. The State cited Iowa Code section 822.3 (2016), which requires applications for postconviction relief to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," unless the application raises "a ground of fact or law that could not have been raised within the applicable time period." The district court granted the State's motion.

On appeal, Armstrong essentially concedes the second postconviction relief application was filed outside the three-year limitations period but reiterates his assertion that newly discovered evidence should have precluded dismissal. A newly discovered evidence claim could implicate the "ground-of-fact" exception to the three-year limitations period. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994). But "an applicant relying on section 822.3 must show the alleged ground of fact could not have been raised earlier." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

Garrett's testimony could have been raised earlier. Garrett was present at the scene, was listed as a co-defendant, and pled guilty to crimes arising from the incident. He was known to Armstrong. *See Jones v. Scurr*, 316 N.W.2d 905, 910 (Iowa 1982).

We recognize Garrett could have invoked his right against self-incrimination to avoid testifying in Armstrong's trial and, if he had, he would have been unavailable for trial. But known, unavailable exculpatory evidence "is not newly discovered evidence." *Id.*; *see also State v. Fox*, 491 N.W.2d 527, 534 (Iowa 1992) ("It was clear in *Jones*—as here—that the defendant knew of the general nature of the codefendant's testimony at the time of the defendant's trial.").

In any event, Garrett's testimony was not exculpatory. Following Armstrong's trial, Garrett submitted to a deposition in connection with a co-defendant's case in which he unequivocally implicated Armstrong in events leading up to the murder. In a more recent deposition, he essentially reaffirmed his earlier testimony and disavowed statements he made that might have been construed as exculpating Armstrong.

We conclude the district court did not err in finding Garret's evidence was not newly discovered and in concluding the ground-of-fact exception to the three-year time bar was inapplicable. We affirm the court's summary dismissal of Armstrong's second postconviction relief application.

**AFFIRMED.**