# IN THE COURT OF APPEALS OF IOWA

No. 17-0910
Filed January 10, 2018

**EDWARD ANDRE GRAYSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Chad A. Kepros, Judge.

Edward Grayson appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A jury convicted Edward Grayson of first-degree kidnapping in 1996. Grayson has since initiated several postconviction-relief (PCR) actions to challenge his conviction. *See, e.g.*, *Grayson v. State*, No. 15-1382, 2016 WL 6652357, at *1 (Iowa Ct. App. Nov. 9, 2016). This appeal concerns his most recent PCR application, which was dismissed in May 2017 based on the time limit set forth in Iowa Code section 822.3 (2017) (requiring PCR applicants to file "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). Grayson claims the time bar does not apply to his claim, which is based on alleged newly discovered evidence. *See* Iowa Code § 822.3 (stating the time limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period").

We review dismissals of PCR applications based on the statute of limitations for correction of errors at law. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). If substantial evidence supports the trial court's fact findings and the court correctly applied the law, we affirm. *See id.* at 520.

In order to demonstrate a claim based on newly discovered evidence falls under the exception to the time bar in section 822.3, a PCR applicant must show

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Id.* at 516 (citation omitted).

The alleged newly discovered evidence concerns the name of a gas station in Oxford that Grayson stopped at with the women he kidnapped. Grayson claims that he did not discover the name of the gas station until January 2017. He argues that the evidence is relevant because if he had known the name of the gas station, he could have obtained exculpatory evidence from a gas station witness or its surveillance video.

Grayson's claim of newly discovered evidence fails. Even though Grayson did not learn the name of the gas station until January 2017, he is unable to show it could not have been discovered earlier in the exercise of due diligence. Grayson's presence at the gas station presupposes his knowledge of its existence, even if he was unable to recall its name. Exculpatory evidence that is known to the defendant at the time of trial—even if it is unavailable to the defendant at trial—is not newly discovered evidence. *See Jones v. Scurr*, 316 N.W.2d 905, 910 (Iowa 1982). Furthermore, Grayson is unable to show that knowing the name of the gas station would have changed the outcome of the trial. Rather, he speculates that the name of the gas station would have led to the discovery of evidence that he speculates to be exculpatory. Mere speculation as to the existence of exculpatory evidence is insufficient to show such evidence probably would have changed the outcome of trial. The district court properly dismissed Grayson's PCR action as untimely.

We have reviewed the remaining claims, including pro se claims, Grayson has raised on appeal. Having found that none merit granting Grayson relief, we affirm.

In addition to his pro se appellate brief, Grayson has filed the following documents with the clerk of the supreme court: (1) "Take Judicial Notice of Court of Appeal October 1, 2014 Ruling No. 13-0967" (filed November 2, 2017); (2) "Criminal Complaint" (filed November 13, 2017); (3) "Criminal Complaint Count 2" (filed November 20, 2017); and (4) "Notify" (filed December 15, 2017). After reviewing the documents, we find none have merit. We therefore deny the relief Grayson seeks in each document.

**AFFIRMED.**