■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. HOLDRIDGE, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 11, 1983, upon a verdict convicting defendant of the crime of sexual abuse in the first degree. ¶ Defendant was indicted on July 8, 1982 and charged with the crime of sexual abuse in the first degree involving a nine-year-old girl, allegedly occurring on or about April 30, 1982. After preliminary motions addressed to the indictment were made and denied, defendant served a notice of alibi. Thereupon, the prosecution served a bill of particulars stating that the crime took place "between 8:00 and 8:45 P.M. on the 29th day of April, 1982". Defendant moved to dismiss the indictment, contending that his constitutional right to due process was violated by the change in the date of the offense. The motion was denied. ¶ At trial, the infant victim testified to sexual contact between herself and defendant on Thursday, April 29, 1982, at about 7:00 P.M. The victim's mother testified that on May 9, 1982 at about 6:00 or 7:00 P.M., during an argument, defendant admitted sexually touching the victim. A 13-year-old girlfriend of the victim was permitted, over defendant's objection, to testify that the victim had told her on Friday, April 30, 1982, that defendant had sex with her during the time her mother was in the hospital. ¶ Defendant's alibi witnesses testified that during the evening hours of April 30, 1982, defendant was with them at the Happy Hour Tavern. Other of defendant's alibi witnesses testified that on May 9, 1982, during the afternoon and evening hours, the victim's mother and defendant were with them at a picnic and that there was no argument between the mother and defendant and nothing was said about the victim. Defendant's estranged wife testified that she observed the victim on Thursday, April 29 watching television and then kissing defendant good night. Defendant swore that he never sexually abused the victim. ¶ On this appeal from his conviction, defendant contends that the trial court's reply to one of two questions asked by the jury in the course of their deliberations was reversible error. The question, referring to the testimony of defendant's alleged admission to the victim's mother, was "did admissions have to have happened on May 9th". The trial court instructed the jury first to determine whether the admission happened and, if they so found, that the testimony did not have to be restricted to May 9 only. We find these instructions to be

substantially correct and that the time and date of the crime were established with reasonable specificity. ¶ Defendant further contends that the evidence was legally insufficient to satisfy the corroboration requirements of section 130.16 of the Penal Law, which mandates that, where the victim is underage, there be other evidence tending to (1) establish an attempt to engage the alleged victim in sexual contact at the time of the alleged occurrence of the offense, and (2) connect the defendant with the commission of the offense (*People v St. John,* 74 AD2d 85, app dsmd 53 NY2d 704). Defendant's admission, properly received in evidence, supplied the necessary corroboration for defendant's conviction under section 130.16 of the Penal Law where the testimony of the infant victim was sworn (*People v St. John, supra*). ¶ Defendant further urges error in permitting the victim's girlfriend to state that on Friday, April 30, 1982, the victim told the witness what had been done to her. This testimony was properly received, not so much to show the truth of the statement made, but rather, to show that the alleged crime was committed prior to that date, i.e., on April 29, 1982. The jury, pursuant to defendant's request, was instructed that the testimony of the girlfriend was limited to the date of the commission of the crime and did not constitute corroborating evidence of the crime charged. In view of defendant's proof of alibi, such testimony was properly received with appropriate limiting instructions. ¶ As a previously convicted felon, and considering the circumstances of the crime of which defendant was convicted after trial, the sentence of three and one-half to seven years was neither unduly harsh nor excessive. Accordingly, the judgment of conviction should be affirmed. ¶ Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.