■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. HOLDRIDGE, Appellant.—Kane, J. P. Appeal, by permission, from an order of the County Court of Chemung County (Danaher, Jr., J.), entered March 19, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of sexual abuse in the first degree, after a hearing.

Following a jury trial, defendant was convicted of the crime

of sexual abuse in the first degree and received a prison sentence of 3½ to 7 years. This court affirmed the judgment (103 AD2d 894), and the Court of Appeals denied leave to appeal (63 NY2d 776). Thereafter, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the grounds, *inter alia,* that County Court improperly allowed the prosecution to amend defendant's indictment and that newly discovered evidence, consisting of a statement made by the victim subsequent to the trial, indicated that defendant was innocent of sexual abuse. County Court, without a hearing, denied defendant's motion insofar as it alleged a violation of his constitutional rights. The court granted a hearing on the question of whether the victim had made a statement subsequent to trial denying that the sexual abuse took place.

At the ensuing hearing, defendant presented testimony of the victim's mother, stating that her daughter told her that she had lied at defendant's trial and that defendant never sexually abused her. The victim, however, testified at the hearing and denied making any such statement to her mother. After the hearing, County Court rendered a decision resolving the credibility issue against defendant's witness and, accordingly, denied defendant's motion. This court subsequently granted defendant permission to appeal.

Defendant's initial contention on appeal is that County Court erred by denying that part of his motion seeking to vacate his conviction upon the ground that the court improperly permitted the People to amend the indictment by means of the bill of particulars. However, this issue could have been raised on the appeal from the judgment of conviction *(see,* 103 AD2d 894, *supra).* Accordingly, the motion in this respect was properly denied (CPL 440.10 [2] [c]).

Defendant's next contention is that County Court erred in denying his motion to vacate on the ground of newly discovered evidence. This contention must be rejected, as the record amply supports County Court's resolution of the credibility issue presented *(see,* CPL 440.30 [6]; *People v Powell,* 96 AD2d 610). Indeed, the victim has steadfastly maintained that defendant sexually abused her and denied telling her mother that the incident did not happen. The order should therefore be affirmed.

Order affirmed. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.