■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN GOLDBERG, Appellant. [823 NYS2d 492]—

Appeal by the defendant, by permission, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated January 24, 2003, as, upon reargument, adhered to its prior determination in an order entered October 11, 2002, denying, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered July 20, 1998, on the ground that he was denied the effective assistance of counsel.

Ordered that the order is reversed insofar as appealed from, on the law, upon reargument, the order entered October 11, 2002 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the defendant's motion and a new determination thereafter.

After the defendant's first trial ended in a mistrial when the jury was unable to agree on a verdict, the defendant was retried and convicted of robbery in the first degree, robbery in the second degree (two counts), and assault in the second degree. The defendant was sentenced as a second violent felony offender to concurrent determinate terms of imprisonment of 16 years for robbery in the first degree, 15 years for each count of robbery in the second degree, and 7 years for assault in the second

degree. His conviction was affirmed by this Court (*People v Goldberg*, 266 AD2d 470 [1999]).

The defendant moved to vacate his judgment of conviction, claiming that his trial counsel was ineffective for (1) failing to inform him of an offer of a plea agreement, which the People made after the defendant's first trial ended in a mistrial, and (2) misinforming him regarding his possible sentence exposure if he was convicted after trial. In an affidavit, the defendant claimed that after his first trial ended in a mistrial, his counsel told him that the People offered a "new deal" but when he asked for the specifics of the offer, the defense counsel did not respond. The defendant further claimed that his counsel told him that the trial judge was "very fair" and that he "would not get more than 10 years."

After the defendant's motion was summarily denied on the ground that it was based solely on the defendant's self-serving affidavit, the People discovered notes in their file indicating that the People had, in fact, made an offer of a plea agreement after the defendant's first trial ended in a mistrial. The offer was a promised sentence of imprisonment of seven years in exchange for a plea of guilty to a class C felony. According to the file notes, the defense counsel rejected the offer "out of hand" and the offer was "gone."

Based upon this new information, the Supreme Court reconsidered the defendant's motion. The court noted that the defendant should not be granted a new trial "simply" because his trial counsel failed to convey the plea offer to him. Upon re-argument, the Supreme Court adhered to the original determination on the ground that "[w]here there is a reasonable chance of acquittal, an attorney will be considered to have made a strategic decision and not be considered to have rendered ineffective assistance, if he counsels his client to reject a plea offer."

To prevail on a claim of ineffective assistance of counsel based upon the defense counsel's failure to advise the defendant with respect to an offer of a plea agreement, a defendant must demonstrate " 'that a plea offer was made, that defense counsel failed to inform him [or her] of that offer, and that he [or she] would have been willing to accept the offer' " (*People v Fernandez*, 5 NY3d 813 [2005], quoting *People v Rogers*, 8 AD3d 888, 890-891 [2004]). A defendant's self-serving statement, without more, is insufficient to establish such a claim (*see People v Fernandez, supra; People v Rogers, supra*).

In the instant case, it is undisputed that the People made an offer of a plea agreement involving a sentence of imprisonment of seven years. There are notes in the People's file indicating

that, after the first trial, an offer was made and rejected by the defense counsel "out of hand." Based upon those file notes and the appellant's statements, there are questions of fact as to whether the defense counsel conveyed the terms of that offer to the defendant and, if so, whether the defendant would have accepted it.

In view of the foregoing, a hearing was warranted. Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.