■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HENDERSON, Appellant. [920 NYS2d 409]—

Appeal by the defendant from a judgment of Supreme Court, Nassau County (Carter, J.), rendered October 30, 2009, convicting him of attempted murder in the second degree, robbery in the first degree (five counts), robbery in the second degree (two counts), assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of his statement to law enforcement officials.

Ordered that judgment is affirmed.

The hearing court properly determined that the police had probable cause to arrest the defendant based on the "fellow officer rule" (*People v Ketcham*, 93 NY2d 416, 419 [1999]; *see People v Green*, 13 AD3d 646 [2004]). The hearing court thus properly denied suppression of the defendant's statement to law enforcement officials (*see People v Mais*, 71 AD3d 1163 [2010]; *People v Fleury*, 8 AD3d 585 [2004]).

The trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was not an improvident exercise of discretion (*see People v Nanton*, 18 AD3d 671 [2005]; *People v Springer*, 13 AD3d 657, 658 [2004]).

The defendant's contention that the trial court erred in denying his application to question certain police witnesses about information which had been redacted from the statement he gave to the police after his arrest is without merit (*see People v Francisco*, 44 AD3d 870 [2007]; *People v Barney*, 277 AD2d 460 [2000]; *People v Stewart*, 188 AD2d 626, 627 [1992]).

The defendant's contention that he was deprived of a fair trial because the trial judge assumed the role of advocate and asked questions of witnesses during a midtrial hearing that was held outside of the jury's presence is not preserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit

(*see People v McRae*, 284 AD2d 657, 659 [2001]; *People v Acosta*, 241 AD2d 385 [1997]). Moreover, although the trial court read one witness's hearing testimony to the jury, the trial court did not convey any opinion as to the credibility of the testimony of that witness (*see People v Perez*, 30 AD3d 542, 543 [2006]; *People v Morris*, 15 AD3d 241 [2005]). To the extent that the prosecutor's comments on summation exceeded the scope of the witness's testimony, such comments were harmless because there is no significant probability that the error contributed to the defendant's convictions (*see People v Jackson*, 8 NY3d 869, 871 [2007]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]), and the evidence of guilt was overwhelming.

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.