■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LOU, Appellant. [943 NYS2d 621]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Knopf, J.), dated June 1, 2010, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court (Katz, J.), rendered May 13, 1992, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith and a new determination of the defendant's motion thereafter.

The defendant moved pursuant to CPL 440.10 to vacate a judgment of conviction on the ground that the defendant was deprived of the effective assistance of counsel. The Supreme Court denied the motion, concluding that a portion of the defendant's claim was procedurally barred, and that the remaining portions of the claim were without merit and did not require a hearing.

Contrary to the Supreme Court's determination, the defendant's claim is not procedurally barred. The defendant's claim that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record. Thus, the defendant has presented a " 'mixed claim' " of ineffective assistance of counsel (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*,

16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Since the defendant's claim of ineffective assistance, which must be viewed as a whole, depends, in part, upon matter that does not appear on the record, it cannot be said that "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion" (CPL 440.10 [2] [c]; *see People v Maxwell*, 89 AD3d at 1109). Thus, the defendant's claim is not procedurally barred, and "the CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety" (*People v Maxwell*, 89 AD3d at 1109; *see People v Brown*, 45 NY2d 852 [1978]).

Furthermore, the Supreme Court should not have denied the defendant's motion without a hearing. In support of his claim, the defendant submitted two affirmations from trial counsel alleging certain facts, which, if true, may be sufficient to show that the defense was affected by an alleged death threat. The question of whether trial counsel's affirmations were credible should have been determined at a hearing, where credibility could have been assessed on a more substantial basis than on a written statement, and where a more complete record, with testimony, would allow the court to more effectively weigh the impact of trial counsel's actions upon the defendant's case (*see People v Baker*, 85 AD3d 935, 936 [2011]; *People v Daniels*, 48 AD2d 905 [1975]).

Accordingly, the defendant's motion should not have been summarily denied, and the matter must be remitted to the Supreme Court, Queens County, for a determination, after a hearing, of the defendant's motion on the merits. Dillon, J.P., Lott, Roman and Cohen, JJ., concur. **[Prior Case History: 27 Misc 3d 1229(A), 2010 NY Slip Op 50961(U).]**