■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE VEGA, Appellant. [971 NYS2d 462]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered October 15, 2007, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated October 25, 2011, the matter was remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion to withdraw his plea of guilty, and the appeal was held in abeyance in the interim (*see People v Vega*, 88 AD3d 1022 [2011]). The Supreme Court has now submitted its report. Justice Skelos has been substituted for former Justice Florio (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant claims that his plea of guilty was rendered involuntary because his attorney was ineffective in that he failed to advise the defendant of a prior plea offer that the defendant would have accepted. "To prevail on a claim of ineffective assistance of counsel based upon the defense counsel's failure to advise the defendant with respect to an offer of a plea agreement, a defendant must demonstrate that a plea offer was made, that defense counsel failed to inform him [or her] of that offer, and that he [or she] would have been willing to accept the offer" (*People v Goldberg*, 33 AD3d 1018, 1019 [2006] [internal quotation marks omitted]; *see People v Fernandez*, 5 NY3d 813 [2005]; *People v Rogers*, 8 AD3d 888, 890-891 [2004]; *see also Missouri v Frye*, 566 US —, —, 132 S Ct 1399, 1408-1409 [2012]). Here, at the hearing conducted upon remittitur, the defendant failed to meet his burden of establishing that Vincent Siccardi, the attorney who represented him during the plea negotiation process, failed to convey a particular offer to him. The defendant and his wife, on one hand, and Siccardi, on the other, offered contradictory testimony as to whether a particular offer was conveyed to the defendant by Siccardi, giving rise to a credibility issue which the Supreme Court resolved in Siccardi's favor. " 'The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record' " (*People v Davis*, 103 AD3d 810, 811 [2013], quoting *People v Martinez*, 58 AD3d 870, 870-871 [2009]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Condon*, 100 AD3d 920, 920 [2012]; *People*

*v Wilson*, 96 AD3d 980, 981 [2012]; *People v Marinus*, 90 AD3d 677, 678 [2011]). We see no reason to disturb the Supreme Court's credibility determinations in this regard. Accordingly, the Supreme Court properly, in effect, denied the defendant's motion to withdraw his plea of guilty. Rivera, J.P., Skelos, Dickerson and Lott, JJ., concur.