THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MALDONADO, Appellant. [983 NYS2d 635]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered February 10, 2011, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a hearing and a report on the defendant's contention that his first assigned counsel failed to adequately convey a more lenient plea offer to him, and the appeal is held in abeyance pending receipt of the Supreme Court's report. The Supreme Court, Queens County, shall file its report with all convenient speed.

The defendant contended before he pleaded guilty that, in effect, he had been deprived of his right to effective assistance of counsel when his first assigned counsel failed to adequately inform him of an earlier, more lenient, plea offer (*see People v Fernandez*, 5 NY3d 813, 814 [2005]; *People v Goldberg*, 33 AD3d 1018, 1019-1020 [2006]). The Supreme Court declined to consider the defendant's contention on the ground that no relief could be granted even if the defendant's allegations were true and the claim meritorious. However, after the entry of the defendant's plea, the United States Supreme Court held in *Missouri v Frye* (566 US —, —, 132 S Ct 1399, 1410 [2012]) that counsel's failure to advise a criminal defendant of a beneficial plea agreement constitutes ineffective assistance of counsel under the Sixth Amendment (*see Strickland v Washington*, 466 US 668 [1984]) where the defendant establishes that there was a reasonable probability that he or she would have accepted the earlier plea offer had it been communicated to him or her, that the election to go to trial or accept a different plea agreement resulted in a harsher penalty, and that, if the prosecution had the discretion to cancel the earlier proposed plea agreement or the trial court had the discretion to refuse to accept it, there

was a reasonable probability that neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented. In *Lafler v Cooper* (566 US —, —, 132 S Ct 1376, 1391 [2012]), which was decided on the same day as *Missouri v Frye*, the United States Supreme Court concluded that the remedy for a claim of ineffective assistance of counsel that results in a harsher sentence than that initially proposed to the defendant pursuant to a plea agreement is to direct the People to reoffer the plea agreement.

Given the defendant's detailed allegations on the record, which had first been brought to the Supreme Court's attention more than one month before the defendant pleaded guilty, the court should have addressed the contention. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and a report on the defendant's contention that the People had previously made a more lenient plea offer than the one which he ultimately accepted. The defendant has the burden of establishing that the People made that plea offer, including a determinate term of imprisonment of three years in connection with a plea of guilty to a lesser count (*see People v Fernandez*, 5 NY3d at 814; *People v Vega*, 109 AD3d 942, 942 [2013], *lv denied* 22 NY3d 1044 [2013]; *People v Goldberg*, 33 AD3d at 1019-1020), that his first assigned counsel did not adequately inform him of that offer (*see People v Vega*, 109 AD3d at 942), that there is a sufficient likelihood that he would have accepted the offer had counsel adequately communicated it to him (*see People v Garcia*, 19 AD3d 17, 20-21 [2005]), and that there is a reasonable likelihood that neither the People nor the court would have blocked the alleged agreement (*see Missouri v Frye*, 566 US at —, 132 S Ct at 1410).

The Supreme Court, Queens County, is directed to file its report with all convenient speed (*see People v Vega*, 88 AD3d 1022, 1023 [2011]). We express no opinion as to the merits of the defendant's contention. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.