■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NICELLI, Appellant. [994 NYS2d 422]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Tomei, J.), dated May 6, 2013, which denied, after a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered January 26, 2009, convicting him of enterprise corruption, body stealing (4 counts), opening graves (4 counts), unlawful dissection of a human being (4 counts), forgery in the second degree (9 counts), forgery in the third degree (9 counts), criminal possession of a forged instrument in the second degree (9 counts), criminal possession of a forged instrument in the third degree (9 counts), falsifying business records in the first degree (36 counts), grand larceny in the third degree (10 counts), grand larceny in the fourth degree (8 counts), reckless endangerment in the first degree (9 counts), reckless endangerment in the second degree (9 counts), and scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant contends that he was deprived of the effective assistance of counsel based upon, among other things, defense counsel's failure to adequately inform him of a proposed plea agreement, whereby his sentence would have been limited to five years in prison. In order to prevail on an ineffective assistance of counsel claim based upon the defense counsel's failure to adequately inform the defendant of a plea offer, the defendant has the burden of establishing that the People made the plea offer, that the defendant was not adequately informed of the offer, that there was a reasonable probability that the defendant would have accepted the offer had counsel adequately communicated it to him, and that there was a reasonable likeli-

hood that neither the People nor the court would have blocked the alleged agreement (*see People v Maldonado*, 116 AD3d 980 [2014]; *see also Missouri v Frye*, 566 US —, 132 S Ct 1399 [2012]; *Lafler v Cooper*, 566 US —, 132 S Ct 1376 [2012]).

Here, the Supreme Court properly determined that the defendant failed to establish that, when the plea offer was allegedly made in November 2005, which was prior to his indictment, there was a reasonable probability that he would have accepted the plea offer, and a failure to accept it was attributable to ineffective assistance of counsel. Moreover, the defendant failed to establish that he received ineffective assistance of counsel with respect to his counsel's assessment of the strength of the People's case and his counsel's advice regarding the sentence he was likely to receive. " '[T]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure . . . . Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment' " (*People v Barboni*, 21 NY3d 393, 405-406 [2013], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). The defendant failed to meet this burden (*see People v Barboni*, 21 NY3d 393 [2013]).

The defendant's contention that he received ineffective assistance of counsel with respect to the issue of whether he was competent to stand trial and/or plead guilty is not properly before this Court.

The defendant's contention that the Supreme Court improperly questioned witnesses at a hearing is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Henderson*, 83 AD3d 864 [2011]), and, in any event, without merit (*see People v Acosta*, 241 AD2d 385 [1997]; *see also People v Henderson*, 83 AD3d 864 [2011]). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.