*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016      106099
                                             107844
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                    Respondent,
         v                                 MEMORANDUM AND ORDER

BRETT W.,
                    Appellant.
_____

Calendar Date:   October 17, 2016

Before:  Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

                    _____


     G. Scott Walling, Schenectady, for appellant.

     Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

                    _____


Rose, J.

     Appeals (1) from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered September 3, 2013, which
sentenced defendant upon her adjudication as a youthful offender,
and (2) by permission, from an order of said court, entered
September 17, 2015, which denied defendant's motion pursuant to
CPL 440.10 to vacate the judgment of conviction, after a hearing.

     In February 2013, defendant, a 17-year-old high school
student, sold 1½ brownies purportedly containing marihuana to a
classmate in school.  After that classmate and another student
consumed the brownies and became ill, defendant was charged in a
felony complaint with criminal sale of marihuana in the second
degree and in an information with the misdemeanor of endangering

the welfare of a child.  By letter dated March 6, 2013, the People made a plea offer to dispose of all pending charges against defendant in exchange for her agreement, by April 6, 2013, to plead guilty to endangering the welfare of a child.  The proposed plea agreement included a sentence recommendation of a youthful offender adjudication and three years of probation.  After receiving no response from defendant, the People obtained an indictment charging defendant with criminal sale of marihuana in the second degree and endangering the welfare of a child.  Pursuant to a plea agreement, defendant pleaded guilty to the felony of attempted criminal sale of marihuana in the second degree.  Consistent with the terms of the plea agreement, defendant was adjudicated a youthful offender and sentenced to 120 days in jail and five years of probation.  Defendant subsequently moved pursuant to CPL article 440 to vacate the judgment of conviction, claiming, among other things, that she was never timely informed of the initial March 2013 plea offer and, therefore, received ineffective assistance of counsel.  Following an evidentiary hearing, County Court denied the motion, finding that defendant failed to establish that her counsel was ineffective by not conveying to her the People's initial, more favorable, plea offer.  Defendant now appeals from the judgment and, with permission, from the order denying her motion.

Defendant claims on her appeal from the denial of the CPL article 440 motion that she was deprived of the effective assistance of counsel based upon defense counsel's failure to timely inform her of the March 2013 proposed plea agreement.[1]  In this context, "'[m]eaningful representation by counsel includes the conveyance of accurate information regarding plea negotiations, including relaying all plea offers made by the prosecution'" (People v Brunson, 68 AD3d 1551, 1555 [2009], lv denied 15 NY3d 748 [2010], quoting People v Rodgers, 8 AD3d 888, 890 [2004]; see Missouri v Frye, 566 US ___, ___, 132 S Ct 1399, 1407-1410 [2012]).  "In order to prevail on an ineffective assistance of counsel claim based upon the defense counsel's

---

[1]  Defendant does not raise any arguments relative to her direct appeal.

failure to adequately inform the defendant of a plea offer, the defendant has the burden of establishing that the People made the plea offer, that the defendant was not adequately informed of the offer, that there was a reasonable probability that the defendant would have accepted the offer had counsel adequately communicated it to him [or her], and that there was a reasonable likelihood that neither the People nor the court would have blocked the alleged agreement" (People v Nicelli, 121 AD3d 1129, 1129-1130 [2014] [citations omitted], lv denied 24 NY3d 1220 [2015]; see People v Fernandez, 5 NY3d 813, 814 [2005]; People v Maldonado, 116 AD3d 980, 980-981 [2014]).  The remedy for a meritorious "claim of ineffective assistance of counsel that results in a harsher sentence than that initially proposed to the defendant pursuant to a plea agreement is to direct the People to reoffer the plea agreement" (People v Maldonado, 116 AD3d at 981; see Lafler v Cooper, 566 US ___, ___, 132 S Ct 1376, 1391 [2012]).

The record evidence demonstrates that the initial plea offer was made by the People in writing and communicated to the Conflict Defender's Office, and this initial offer was more favorable to defendant than the plea agreement to which she ultimately agreed.  In addition, defendant's uncontroverted testimony at the evidentiary hearing reflects that she would have accepted the People's initial offer.  While the testimony indicates that, despite purported attempts, neither defendant nor defense counsel was able to establish communication with the other during the relevant time period, there is no evidence demonstrating that defendant was apprised or aware of the initial plea offer prior to its expiration.  Although there is an indication that defendant, among other things, provided the assigned counsel coordinator with her mother's cell phone number instead of her own, the record evidence demonstrates that there were other means by which defendant could have been contacted or spoken to in person.  In addition, the hearing testimony establishes that defendant was not afforded an opportunity to meet with her defense counsel prior to the expiration of the plea offer and was not able to reach her attorney by telephone despite making at least one attempt following her initial court appearance.  Nor is there any record evidence that suggests that either the People or County Court would have blocked the initial

proposed plea agreement.  Accordingly, under the circumstances presented here, we find that defendant met her burden of establishing that she received ineffective assistance of counsel and, therefore, we grant defendant's CPL 440.10 motion, vacate the judgment of conviction and direct the People to reoffer the initial plea agreement (see Lafler v Cooper, 132 S Ct at 1391; People v Maldonado, 116 AD3d at 981).  In light of our decision, defendant's remaining contentions need not be addressed.

        Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.


        ORDERED that the judgment is affirmed.

        ORDERED that the order is reversed, on the law, motion granted, judgment vacated, and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.




                ENTER:



                Robert D. Mayberger
                Clerk of the Court