People v Blackman (2018 NY Slip Op 07982)





People v Blackman


2018 NY Slip Op 07982


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

109732

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BILLY JOE P. BLACKMAN, Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


James Sacco, Binghamton, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Anthony J. Frank of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal, by permission, from an order of the County Court of Broome County (Dooley, J.), entered August 31, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal possession of marihuana in the first degree, criminal sale of marihuana in the first degree, criminal possession of marihuana in the fourth degree and unlawful possession of marihuana (two counts), without a hearing.
In April 2011, following an investigation into marihuana trafficking in Broome County, defendant was charged in a five-count indictment with criminal possession of marihuana in the first degree, criminal sale of marihuana in the first degree, criminal possession of marihuana in the fourth degree and unlawful possession of marihuana (two counts). The matter ultimately proceeded to a jury trial in 2012, at the conclusion of which defendant was convicted on all counts and sentenced to a term of imprisonment. Upon appeal, this Court affirmed (118 AD3d 1148 [2014], lv denied 24 NY3d 1001 [2014]).
After exhausting his criminal appeals, defendant, who was born in Guyana, moved to vacate the judgment of conviction pursuant to CPL 440.10, contending that he had been denied the effective assistance of counsel. Specifically, defendant alleged that he was deprived of meaningful representation because his trial attorney failed to apprise him of the potential immigration consequences of a conviction on the subject charges and to explore, negotiate and [*2]procure an immigration-friendly plea offer, i.e., one that would not have exposed defendant to deportation. The People opposed defendant's application, stating that trial counsel — who was affiliated with a law firm that purportedly specialized in immigration law — had in fact negotiated and secured a favorable plea offer for defendant and that defendant had rejected that offer in favor of proceeding to trial. County Court denied the motion without a hearing, and defendant now appeals by permission.
"Although a hearing on a CPL 440.10 motion is not always necessary, a hearing is required where the defendant bases the motion upon nonrecord facts that are material and, if established, would entitle the defendant to relief" (People v Monteiro, 149 AD3d 1155, 1156 [2017] [citation omitted]; see CPL 440.30 [5]; People v Satterfield, 66 NY2d 796, 799 [1985]). In support of his motion to vacate the judgment of conviction, defendant tendered his own affidavit, wherein he asserted that he had completed his prison sentence and period of postrelease supervision and that he was being held at a federal detention facility pending deportation proceedings. He stated that trial counsel failed to inform him of the immigration consequences of being convicted as charged and that, had he been so informed, he would have asked trial counsel "to explore the possibility of a plea bargain rather than take the case to trial, even though [he] continued to maintain [his] innocence." He further stated that trial counsel's failure to present him with any plea offer, or to inform him of potential deportation consequences, "caused [him] to forgo any discussion of a plea bargain."
In opposition, the People tendered the affirmation of the Assistant District Attorney (hereinafter ADA) assigned to prosecute this matter. The ADA stated that, after defendant's initial attorney rejected a preindictment plea offer of attempted criminal sale of marihuana in the first degree, trial counsel was retained and entered into negotiations with the People regarding a postindictment plea deal. According to the ADA, he and defendant's trial counsel had a May 2011 telephone conference with County Court (Cawley Jr., J.), during which "defendant's potential immigration issues [were] raised." The ADA stated that he reiterated the plea offer of attempted criminal sale of marihuana in the first degree with the additional requirement that defendant waive his right to appeal and that trial counsel rejected this offer during the telephone conference and asked for a "different offer." The ADA stated that, at that time, the People maintained their position that a felony sale conviction and a state prison sentence were warranted under the circumstances.
Approximately one year later, County Court sent a letter to the parties — which the People attached to the ADA's affirmation — scheduling a pretrial conference and instructing the People to come bearing their "best offer." The ADA averred that, during an ensuing telephone conference, trial counsel "again rais[ed] the potential immigration consequences to . . . defendant" relative to the People's previous offer and asked the People to reconsider. As evidenced by a letter dated May 31, 2012, the People ultimately relented, at County Court's urging, and offered to permit defendant to plead guilty — in full satisfaction of the underlying indictment — to criminal possession of marihuana in the first degree, subject to certain conditions and sentencing parameters. The ADA asserted that the matter was set for "an accept or reject appearance" or conference on June 1, 2012, but that he received an email from County Court canceling the conference. The email, which was sent on June 1, 2012 and attached to the ADA's affirmation, stated that trial counsel had contacted County Court by telephone and indicated that "defendant had informed him that he d[id] not want the offer." The matter thereafter proceeded to trial.
A defendant's right to meaningful representation encompasses "the conveyance of accurate information regarding plea negotiations, including relaying all plea offers made by the prosecution" (People v Brett W., 144 AD3d 1314, 1315 [2016] [internal quotation marks and citations omitted]; see People v Maldonado, 116 AD3d 980, 980 [2014]). "In order to prevail on an ineffective assistance of counsel claim based upon the defense counsel's failure to adequately inform the defendant of a plea offer, the defendant has the burden of establishing that the People made the plea offer, that the defendant was not adequately informed of the offer, that there was a reasonable probability that the defendant would have accepted the offer had counsel adequately communicated it to him [or her], and that there was a reasonable likelihood that neither the People nor the court would have blocked the alleged agreement" (People v Nicelli, 121 AD3d 1129, 1129-1130 [2014] [citations omitted], lv denied 24 NY3d 1220 [2015]; accord People v Brett W., 144 AD3d at 1316).
In our view, defendant alleged sufficient facts which, if credited, may establish ineffective assistance of counsel based upon trial counsel's alleged failure to adequately inform him of an extended plea offer (see People v Monteiro, 149 AD3d at 1156; People v Diallo, 113 AD3d 199, 202 [2013]; see generally People v Brett W., 144 AD3d at 1316-1317). The ADA's affirmation and attached documentary evidence demonstrated that the People offered defendant a plea deal that did not expose him to deportation and that there was a reasonable likelihood that, had defendant accepted the offer, neither the People nor County Court would have blocked the agreement. The People's submissions further established that defendant's trial counsel was aware of the favorable plea offer. However, there was nothing to controvert defendant's claim that his trial counsel did not present him with "any plea bargain[]." Neither the plea offer nor defendant's alleged rejection thereof was placed on the record. Additionally, while County Court's June 2012 email to the ADA provides circumstantial evidence that defendant's trial counsel communicated the plea offer to defendant and that defendant rejected the offer, it does not conclusively refute defendant's assertion that he was not informed of any plea offer (see CPL 440.30 [4] [c]). Nor can we conclude — as County Court (Dooley, J.) did — that there is no reasonable possibility that defendant's assertion is true (see CPL 440.30 [4] [d]). Furthermore, even if it was established that trial counsel did in fact inform defendant of the plea offer, a question remains as to whether trial counsel adequately communicated the offer, which would include a discussion of any potential immigration consequences (see People v Santos, 145 AD3d 461, 462 [2016]; see generally Padilla v Kentucky, 559 US 356, 374 [2010]).
Finally, considering the immigration consequences to which defendant was exposed by virtue of the criminal charges against him, we find that defendant's assertions warrant a hearing on the issue of whether there was a reasonable probability that he would have accepted the proffered plea deal had it been adequately communicated to him (see People v Diallo, 113 AD3d at 202; see generally People v Nicelli, 121 AD3d at 1129-1130). Unlike County Court, we do not find defendant's persistent claims of innocence, which he maintained throughout trial and in his CPL 440.10 motion, to undermine any such conclusion. The question of whether defendant's assertions were credible should have been resolved after a hearing, "where credibility could have been assessed on a more substantial basis than on a written statement" (People v Lou, 95 AD3d 1035, 1036 [2012], lv denied 19 NY3d 1027 [2012]; accord People v Daniels, 48 AD2d 905, 906 [1975]; see generally People v Bodah, 67 AD3d 1195, 1196 [2009], lv denied 14 NY3d 838 [2010]; People v Holdridge, 128 AD2d 1000, 1001 [1987], lv denied 70 NY2d 648 [1987]). Accordingly, as County Court erred in summarily resolving defendant's motion, we remit the matter for a hearing.
Lynch, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.