People v McGee (2018 NY Slip Op 08203)





People v Mcgee


2018 NY Slip Op 08203


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

108603

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RUSSELL McGEE, Appellant.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Rebecca L. Fox, Plattsburgh, for appellant, and appellant pro se.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered May 26, 2016, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree and criminal possession of a firearm.
In satisfaction of two indictments, defendant pleaded guilty to four counts of criminal sale of a controlled substance in the third degree and one count each of criminal possession of a controlled substance in the third degree and criminal possession of a firearm and waived his right to appeal. He was sentenced, as a second felony offender with a prior violent felony offense, in accordance with the plea agreement, to an aggregate prison term of 12 years followed by three years of postrelease supervision. Defendant appeals.
Initially, the People concede, and our review of the record confirms, that the waiver of the right to appeal is invalid, as County Court did not adequately advise defendant that the waiver of the right to appeal is separate and distinct from the rights automatically forfeited by the guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Campbell, 161 AD3d 1380, 1380 [2018], lvs denied 32 NY3d 935, 941 [2018]). Nevertheless, given that the record does not reflect that defendant made an appropriate postallocution motion, defendant's challenge to the knowing, voluntary and intelligent nature of the plea is unpreserved for our review (see People v Peque, 22 NY3d 168, 182 [2013]; People v Muller, 159 AD3d 1232, 1232 [2018]). Further, we are unpersuaded by defendant's contention that the narrow exception to the preservation requirement applies because the record does not disclose that defendant made any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Muller, 159 AD3d at 1232; People v Fay, 154 AD3d 1178, 1181 [2017], lv denied 30 NY3d 1115 [2018]).
Defendant also asserts that he received ineffective assistance of counsel. Although the issue is not preserved for our review given the absence of a postallocution motion, we find that the particular circumstances here warrant the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]). The record reveals that, on Monday, March 28, 2016, before defendant entered into the underlying plea agreement, defense counsel brought to County Court's attention a situation that had occurred between him and the prosecutor on the preceding Friday. Although the details of the incident were not placed on the record, defense counsel apologized for his inappropriate conduct and candidly stated that he "let some personal issues override [his] better judgment," that he "should never have said most of the things that [he] said, if not all of the things," and that, "as a result of part of that problem, [he] misconstrued what [defendant] was willing to do relative to the plea offer that was on the table at that time." Defense counsel further expressed the belief that, because of his conduct, a more favorable plea offer that was allegedly available on the preceding Friday was no longer available. In our view, defense counsel fulfilled his professional obligation by immediately bringing his conduct to County Court's attention and seeking to remedy any resulting prejudice to defendant. Thus, on this incomplete record, we cannot conclude, as defendant urges, that defense counsel's vague references to his allegedly prejudicial behavior on the preceding Friday constituted ineffective assistance of counsel.
However, we are nonetheless constrained to reverse the judgment of conviction because County Court failed to take appropriate action in response to defense counsel's disclosures. Initially, County Court failed to recognize that defense counsel's statements disqualified him from continuing to represent defendant, particularly if defense counsel were required to provide testimony regarding the events that allegedly took place on the preceding Friday (see generally People v Paperno, 54 NY2d 294, 299-300 [1981]; People v Rufus, 56 AD3d 1175, 1175-1176 [2008], lv denied 11 NY3d 930 [2009]; People v Swanson, 43 AD3d 1331, 1332 [2007], lv denied 9 NY3d 1010 [2007]). Accordingly, when presented with defense counsel's statements, County Court should have immediately explained the situation to defendant and adjourned the matter to allow for the substitution of counsel.
Following substitution of counsel, County Court should have conducted a hearing to determine whether defendant received the ineffective assistance of counsel during the plea negotiation process and, thus, was entitled to an order directing the People to reoffer the more favorable plea offer that was allegedly available on the preceding Friday (see People v Maldonado, 116 AD3d 980, 981 [2014]; see generally Lafler v Cooper, 566 US 156, 163-164, 174 [2012]). County Court, however, failed to appreciate that, if defendant made the requisite showing at that hearing, it could in its discretion direct the People to reoffer the prior, more favorable plea, if it was in fact made (see Lafler v Cooper, 566 US at 174; People v Maldonado, 116 AD3d at 981). Indeed, a court may direct the People to reoffer a prior, more favorable plea offer on ineffective assistance of counsel grounds only if a defendant demonstrates (1) the existence of a prior, more favorable plea offer, (2) a reasonable probability that, but for defense counsel's conduct, he or she would have accepted the prior plea offer, (3) a reasonable probability that the agreement would have been presented to and accepted by the court and (4) that the conviction and/or sentence under the terms of the plea offer would have been less severe than the conviction and sentence ultimately imposed (see Lafler v Cooper, 566 US at 163-164, 174; People v Brett W., 144 AD3d 1314, 1316 [2016]; People v Nicelli, 121 AD3d 1129, 1129-1130 [2014], lv denied 24 NY3d 1220 [2015]; People v Maldonado, 116 AD3d at 981). County Court did not afford defendant the opportunity to make this showing here. Rather, it repeatedly misinformed defendant that it could not direct the People to reoffer the prior plea offer and that defendant could either take a new plea offer or go to trial. It is under these circumstances that defendant accepted the later plea offer and entered the underlying guilty plea. Therefore, we reverse the judgment of conviction and remit the matter for substitution of defense counsel and further proceedings.
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.