People v Nitchman (2019 NY Slip Op 04501)





People v Nitchman


2019 NY Slip Op 04501


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

109961

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DONALD NITCHMAN, Appellant.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal, by permission, from an order of the County Court of Saratoga County (Sira, J.), entered November 21, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal sexual act in the first degree and criminal sexual act in the second degree (two counts), without a hearing.
In June 2008, defendant was arrested and charged with sex offenses involving underage victims, and he has been in custody from that point forward. Four months later, he was charged in a 456-count indictment with offenses stemming from that conduct. In satisfaction of the indictment, he pleaded guilty to criminal sexual act in the first degree and criminal sexual act in the second degree (two counts) in July 2009. County Court (Scarano, J.) then imposed concurrent sentences that were within the agreed-upon range, namely, 20 years in prison and five years of postrelease supervision on the criminal sexual act in the first degree conviction and 3½ to 7 years in prison on each criminal sexual act in the second degree conviction. Defendant failed to appeal in a timely manner.
In 2016, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, arguing that he would have accepted a more lenient preindictment plea offer and that defense counsel's failure to advise him of its existence constituted ineffective assistance. County Court (Sira, J.) denied the motion without a hearing. Defendant now appeals, by permission, from that order.
We reverse. To make out "an ineffective assistance of counsel claim based upon the defense counsel's failure to adequately inform the defendant of a plea offer," a defendant must show "that the People made the plea offer, that the defendant was not adequately informed of the offer, that there was a reasonable probability that the defendant would have accepted the offer had counsel adequately communicated it to him [or her], and that there was a reasonable likelihood that neither the People nor the court would have blocked the alleged agreement" [*2](People v Nicelli, 121 AD3d 1129, 1129-1130 [2014], lv denied 24 NY3d 1220 [2015]; see People v Rudolph, 170 AD3d 1258, 1262-1263 [2019]; People v Blackman, 166 AD3d 1321, 1323-1324 [2018]; People v Brett W., 144 AD3d 1314, 1316 [2016]). Defendant did not dispute before County Court that this was the correct standard. His present argument, that there was no need to show that the People and County Court were reasonably likely to go along with the plea offer, is accordingly unpreserved for our review (see Pauling v Orentreich Med. Group, 14 AD3d 357, 358 [2005], lv denied 4 NY3d 710 [2005]; compare People v Fernandez, 5 NY3d 813, 814 [2005] [parties agreed on standard without that element]). In any event, inasmuch as "our state standard considers prejudice to be a significant, but not indispensable element in assessing meaningful representation," a claim that defense counsel was ineffective in failing to relay a doomed plea offer would be viewed skeptically under it (People v Alvarez, ___ NY3d ___, ___, 2019 NY Slip Op 02383, *2 [2019] [internal quotation marks and citations omitted]; see People v Stultz, 2 NY3d 277, 283-284 [2004]), and we perceive no reason to depart from our prior cases requiring a defendant to show that the plea would have likely come to fruition (see People v Rudolph, 170 AD3d at 1263; People v Blackman, 166 AD3d at 1323-1324; People v Brett W., 144 AD3d at 1316).
There is no dispute that the People made a preindictment plea offer more lenient than the one that defendant later accepted — an offer that the People presumably extended "in a fair and honest manner" and believed would pass muster with County Court (Matter of Stephens v Ward, 63 AD2d 798, 799 [1978]) — and that the offer was rejected and withdrawn. Defendant averred that he did not know about this offer and would have accepted it. Defendant's account is not beyond dispute, as the record shows that defense counsel visited him in jail on two occasions before the offer was withdrawn, subsequently pursued efforts to dismiss many of the counts in the indictment and to assert a psychiatric defense, then spoke about the offer at sentencing without any comment or objection from defendant. That said, defense counsel also acknowledged at sentencing that defendant "always . . . wanted this matter to end as quickly as possible and was prepared to enter pleas of guilty," begging the question of why defendant did not agree to the first plea offer if he knew about it. Defense counsel further stated that he was given the initial offer, "told [to] accept it" or face the "many more charges coming" if it were rejected, suggesting that time pressure was involved and that he may not have taken the time he needed to consult with defendant. In our view, defense counsel's statements at sentencing and the dearth of other proof about the plea offer and its rejection leave a "reasonable possibility" that defendant's allegations are true (CPL 440.30 [4] [d]). Thus, County Court was obliged to "conduct a hearing [on defendant's motion] and make findings of fact essential to the determination thereof," and we remit so that it may do so (CPL 440.30 [5]; see People v Blackman, 166 AD3d at 1324; People v Frazier, 87 AD3d 1350, 1351 [2011]; People v Howard, 12 AD3d 1127, 1127 [2004]).
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.