People v Bertolini (2020 NY Slip Op 04402)





People v Bertolini


2020 NY Slip Op 04402


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-08905
 (Ind. No. 1692/98)

[*1]The People of the State of New York, respondent,
v
Antonio Bertolini, appellant.


Joseph W. Murray, Kew Gardens, NY (Brad Landau of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Judith R. Sternberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), entered July 22, 2016, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the County Court, Nassau County (Jules E. Orenstein, J.), rendered December 15, 1999, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
We agree with the Supreme Court's determination to deny, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction. "In order to prevail on an ineffective assistance of counsel claim based upon the defense counsel's failure to adequately inform the defendant of a plea offer, the defendant has the burden of establishing that the People made the plea offer, that the defendant was not adequately informed of the offer, that there was a reasonable probability that the defendant would have accepted the offer had counsel adequately communicated it to him, and that there was a reasonable likelihood that neither the People nor the court would have blocked the alleged agreement" (People v Nicelli, 121 AD3d 1129, 1129-1130, citing People v Maldonado, 116 AD3d 980; see Missouri v Frye, 566 US 134). "A defendant's self-serving statement, without more, is insufficient to establish such a claim" (People v Goldberg, 33 AD3d 1018, 1019). Here, other that the defendant's self-serving affidavit claiming that his former attorney failed to convey a favorable plea offer to him, the defendant's claim was unsupported and, under the circumstances, there is no reasonable possibility that the defendant's allegations are true (see CPL 440.30[4][d]; People v Smiley, 67 AD3d 713, 714; cf. People v Goldberg, 33 AD3d at 1019-1020).
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court