People v Samms (2022 NY Slip Op 05223)

People v Samms

2022 NY Slip Op 05223

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-05164
 (Ind. No. 6692/05)

[*1]The People of the State of New York, respondent,
v
Michael Samms, appellant. 

Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Craig S. Walker, J.), dated May 26, 2020, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Robert K. Holdman, J.) rendered July 23, 2007, convicting him of assault in the first degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The instant crimes involving assault and robbery were committed on August 9, 2005. On February 28, 2007, the defendant was offered a plea deal with a promised sentence of 14 years' imprisonment. At a calendar call on May 2, 2007, when the defendant was not produced, and the defendant's counsel was engaged in a trial, the prosecutor made a plea offer which included a sentence of 13 years' imprisonment.
The defendant did not enter a plea of guilty. He proceeded to trial on May 30, 2007, and was convicted of assault in the first degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree. On July 23, 2007, the defendant was sentenced to an aggregate term of imprisonment of 50 years. The defendant's judgment of conviction was affirmed by this Court (see People v Samms, 83 AD3d 1099).
By notice of motion dated January 28, 2019, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that his attorney never advised him of the plea offer of 13 years' imprisonment and misadvised him as to his maximum sentence exposure.
After a hearing, where the defendant testified that he was never advised of the plea offer involving 13 years' imprisonment, and that he would have taken either the plea offer of 14 years' imprisonment or the plea offer of 13 years' imprisonment had he known that he was facing 50 years' imprisonment, the Supreme Court denied the defendant's motion. The court found that the defendant's testimony, which also included, inter alia, an admission that he had lied during his [*2]testimony at trial, at his interview for the presentence report, and at sentencing, was not credible. The defendant appeals by permission.
"In order to prevail on an ineffective assistance of counsel claim based upon the defense counsel's failure to adequately inform the defendant of a plea offer, the defendant has the burden of establishing that the People made the plea offer, that the defendant was not adequately informed of the offer, that there was a reasonable probability that the defendant would have accepted the offer had counsel adequately communicated it to him [or her], and that there was a reasonable likelihood that neither the People nor the court would have blocked the alleged agreement" (People v Nicelli, 121 AD3d 1129, 1129-1130; see Missouri v Frye, 566 US 134, 145). Here, the defendant did not satisfy that burden. The Supreme Court found that the only competent evidence proffered by the defendant that he was not advised of the plea offer was his self-serving testimony, which lacked credibility (see People v Bertolini, 186 AD3d 499). The defendant's testimony was rebutted by the testimony of his attorney that it was his practice, as is the practice of all defense attorneys, to advise his client of any plea offers made (see People v Bentley, 43 Misc 3d 1207[A], 2014 NY Slip Op 50518[U] [Sup Ct, Kings County]).
Given the defendant's testimony that he would have taken either a plea offer of 14 years' imprisonment or a plea offer of 13 years' imprisonment had he known that he was facing 50 years' imprisonment, a key issue in this case is whether the defendant was misadvised as to his maximum sentencing exposure. However, the sole evidence adduced at the hearing that the defendant was misadvised of his maximum sentencing exposure was his self-serving testimony, which the Supreme Court found to be not credible (see People v Ferguson, 193 AD3d 1253). On this point, the defendant's attorney testified that it was his practice to advise his clients of their potential sentencing exposure, and the difference between consecutive and concurrent sentences.
The defendant testified at the hearing that he learned of the plea offer involving a sentence of 13 years' imprisonment while preparing for the direct appeal from the judgment. His delay in raising this claim, and his claim that the sentence imposed was double what his counsel informed him was his maximum sentencing exposure, casts further doubt on the credibility of his
testimony (see People v Nixon, 21 NY2d 338, 352; People v Forbes, 32 Misc 3d 1225[A], 2011 NY Slip Op 51421[U] [Sup Ct, Kings County]).
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court